## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| vs. | Case No. 14-10024-02 |
| FRANZ WIEBE-REMPEL, | |
| *Defendant.* | |

### MEMORANDUM AND ORDER

Franz Wiebe-Rempel was convicted of conspiracy to launder money and sentenced by this Court to 70 months' imprisonment.  He has since filed papers asking the Court to order his release (Doc. 56).[1]  Because Wiebe-Rempel sought to modify his sentence, the Court informed him that it would construe his filing as one filed under 28 U.S.C. § 2255 (Doc. 60).  However, upon reconsideration, and for the reasons stated below, the Court will construe Wiebe-Rempel's motion as one filed under 28 U.S.C. § 2241 and dismiss the motion for lack of jurisdiction.

---

[1] Wiebe-Rempel also asks that the Court order his early deportation under 8 U.S.C. § 1231(a)(4)(B)(i) because he has served half of his sentence.  While § 1231(a)(4)(B)(i) does give the Attorney General the authority to order the early removal of a deportable alien in certain circumstances, Wiebe-Rempel does not have standing to enforce the statute.  Section 1231(a)(4)(D) expressly states that it does not provide a private cause of action to compel the removal of any alien.  Furthermore, the statute gives sole discretion to the Attorney General in removing a deportable alien.  The Attorney General, and not the Court, has the discretion to remove an alien in certain circumstances.  Therefore, the Court will not address Wiebe-Rempel's appeal to a statute he has no authority to enforce seeking a remedy that the Court has no authority to provide.

#### I.    Factual and Procedural Background

In 2014, the Grand Jury returned an indictment charging Franz Wiebe-Rempel with 26 counts of money laundering and one count of conspiracy to launder money.  On June 1, 2015, Wiebe-Rempel entered a plea of guilty to the charge of conspiracy to launder money in violation of 18 U.S.C. § 1956(h).  He also executed a plea agreement with the Government and presented that agreement to the Court.

Paragraph 11 of the plea agreement was titled "Waiver of Appeal and Collateral Attack." That paragraph states, in relevant part:

> *The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with* his prosecution, his conviction, *or the components of the sentence to be imposed herein,* including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release.  The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and the sentence imposed*.  The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack,* including, but limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  *In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable.* (emphasis added).

The Court accepted Wiebe-Rempel's plea.  Following the completion of a presentence investigation report, Wiebe-Rempel was sentenced.  The Court imposed a sentence of 70 months' imprisonment, which fell within his guideline range.  Because Wiebe-Rempel is a deportable alien, he will be surrendered to immigration authorities for deportation upon completion of his sentence.

Wiebe-Rempel moves the Court to reconsider its sentence in light of various factors that he claims provide a basis for reducing his sentence.

## II.    Analysis

Wiebe-Rempel's filing is titled "Petition to reconsider Petitioner's sentence pursuant to title 18 U.S.C. § 3553(a)(6) and in light of new fast track program."  But the initial filing fails to cogently identify the rule or statute under which Wiebe-Rempel seeks relief.  On October 13, 2016, the Court issued an order informing Wiebe-Rempel that because he was seeking to modify his sentence, the Court would construe his papers as filed under 28 U.S.C. § 2255.[2]  Wiebe-Rempel responded to the Court's order (Doc. 61).  In that response, he argues that his initial filing should be considered under 28 U.S.C. § 2241.  Where § 2255 provides an avenue for a petitioner to seek a vacated or modified sentence, § 2241 allows a petitioner to attack the execution of a sentence by challenging "some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters."[3]  Put another way, under § 2255, the petitioner alleges an error at or prior to sentencing, while under § 2241, the petitioner alleges error in the current execution of the sentence.[4]

Here, Wiebe-Rempel argues that because he is a deportable alien, he is not eligible to receive credit for the residential drug treatment program, serve a portion of his sentence in halfway house, or receive other forms of credit under 18 U.S.C. § 3624.  As a result, he claims that he is being treated more severely than other inmates due to his status as a deportable alien.  Accordingly, he requests a modification of his sentence.  In his initial filing, Wiebe-Rempel claims that had "this Honorable court taken the above into consideration before his sentence

_____

[2] *See Bedolla-Izazaga v. United States*, 413 F. App'x 20, 21 (10th Cir. 2011) (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) ("This is because '[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.' ").

[3] *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

[4] *See Martinez v. United States*, 2006 WL 681125, at * 1 (D. Kan. Feb. 22, 2006).

-3-

almost 2 years ago, this court would/could have given petitioner herein a lower sentence." Put that way, it seems that Wiebe-Rempel is attacking an error at the time of sentencing, and thus, the Court was correct to construe his filing as a § 2255 motion. However, in his subsequent filing Wiebe-Rempel contends that the Court was mistaken, and his motion should actually be considered under § 2241.

Wiebe-Rempel is not the first deportable alien to raise this specific argument in this district. In *Martinez v. United States*,[5] Judge Brown held that a motion in which the petitioner complained that his status as a deportable alien unjustly precluded him from accruing any credit was actually challenging the execution of the sentence, and thus, should properly be brought under § 2241.[6] Conversely, in *United States v. Rodriguez-Hernandez*,[7] Judge Lungstrum considered a similar motion brought by a deportable alien under § 2255. But *Rodriguez-Hernandez* is the less common result—at least two other courts have considered this very argument and determined it should be brought under § 2241.[8]

At times, Wiebe-Rempel seems to be challenging the sentence that this Court imposed, and other times, he seems to be attacking that actual execution of the sentence. Because Wiebe-Rempel is acting pro se, the Court will liberally construe his filing.[9] To the extent that his motion could be brought under § 2255, he waived any such right in his plea agreement. The Court reads plea agreements under ordinary contract principles, and will construe any

---

[5] 2006 WL 681125 (D. Kan. Feb. 22, 2006).

[6] *Id.* at *1.

[7] 2009 WL 3756978 (D. Kan. Nov. 6, 2009).

[8] *United States v. Vasquez*, 2009 WL 1974455, at *2 (W.D. Mich. July 7, 2009); *Dishmey v. United States*, 929 F. Supp. 551, 553 (D.P.R. 1996).

[9] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

ambiguities against the Government.[10]   The waiver in Wiebe-Rempel's plea agreement unambiguously precludes Wiebe-Rempel from challenging his sentence under § 2255.  He agreed to relinquish "any right to challenge his sentence, the manner in which it was determined, or otherwise attempt to modify or change the sentence in a collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255."  Thus, Wiebe-Rempel may not raise these arguments under § 2255 because he explicitly waived any right to do so.[11]

That leaves Weibe-Rempel with § 2241 as the only avenue to raise his arguments. Because Wiebe-Rempel is barred from filing a § 2255 motion, and because courts have heard this very argument on motions filed under § 2241,[12] the Court will construe his filing as one brought under § 2241.  However, such a motion must be brought in the federal district in which the petitioner is confined.[13]   Although this Court sentenced Wiebe-Rempel, he is currently serving his sentence in Texas.  Thus, this Court is without jurisdiction to consider any motion he would bring under § 2241.  He must bring his motion in the district in which he is confined.

---

[10] *United States v. Kutilek*, 260 F. App'x 139, 144 (10th Cir. 2008).

[11] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver are knowingly and voluntarily made.").

[12] *See Vasquez*, 2009 WL 1974455, at *2; *Martinez*, 2006 WL 681125 at *1.

[13] *See United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined.").

**IT IS THEREFORE ORDERED** that Wiebe-Rempel's Petition to reconsider Petitioner's sentence pursuant to Title 18 U.S.C. § 3553(a)(6) and in light of new fast track program (Doc. 56) be converted to a motion under 28 U.S.C. § 2241 and be **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 16th day of December, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE